UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF TEXAS LAREDO DIVISION

| | |
|---|---|
| NELDA NUNCIO, INDIVIDUALLY, AND AS REPRESENTATIVE OF AND ON BEHALF OF THE ESTATE OF LUIS ALBERT BARREINTOS, PLAINTIFF § § § § § § § vs. § § § WEBB COUNTY, TEXAS, SHERIFF MARTIN CUELLAR, AND JOHN DOES #1-30, DEFENDANTS § § § § § | CIVIL ACTION NO. 5:20-cv- 00092 JURY DEMANDED |

### PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This Court should grant Plaintiff Nelda Nuncio's motion for leave to amend her complaint because there is no substantial reason not to. As Defendants correctly explain in their response to Ms. Nuncio's motion, "the Federal Rules evince a bias in favor of granting leave to amend," and courts, accordingly, "should freely give leave when justice so requires." Dkt. No. 20, Defs.' Resp. 1 (July 20, 2020) (quotations and alterations omitted) (citing Fed. R. Civ. P. 15(a)). Defendants also correctly acknowledge courts are only to deny leave when there is "a substantial reason to do so." *Id.* Since there is no substantial reason for denial here, the presumption in favor of granting leave should carry the day. The motion should be granted.

1

Defendants offer only two arguments for why denial might be appropriate, and neither holds water. First, Defendants claim Ms. Nuncio's efforts to amend to add the identities of jailers present when, or in the days before, her son Luis "Albert" Barreintos died—identities she could not have known without discovery—were prompted by a dilatory motive. This is baseless. In fact, shortly after Defendants removed the case to federal court, Ms. Nuncio sought, and this court granted, expedited discovery precisely so she could learn the identities of the John Doe jailers and name them in an amended complaint—and naming them in the complaint is exactly what she seeks to do here. Dkt. No. 10, Order 7 (July 1, 2020). Moreover, there can be no reasonable argument that Ms. Nuncio evinced a dilatory motive in waiting to amend her complaint after receiving the expedited discovery—Ms. Nuncio moved to amend her complaint a mere three days after receiving the discovery.

Where, as here, a party seeks amend their complaint after receiving information in discovery that alters their claims, courts have not found cause to deny amendment, even when the party could have sought the discovery earlier. For example, the Fifth Circuit found that a district court abused its discretion in denying a motion to amend where, though the plaintiff sought to amend not long after receiving the breadth of discovery needed to add the claim, the district court ruled the plaintiff wasn't sufficiently diligent in seeking the information. *Potter v. Bexar Cty. Hosp. Dist.*, 195 F. App'x 205, 209 (5th Cir. 2006). In reversing, the Fifth Circuit explained, "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Id.* at 209 (quoting *Carson v.*

2

*Polley,* 689 F.2d 562, 584 (5th Cir. 1982)). In other words, where a party lacks the requisite information at the outset, failing to acquire the information as early as a party could have is not sufficient to overcome the bias in favor of granting leave to amend. *Id.* Just as it wasn't enough in *Potter*, it isn't enough here. *Cf. N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (in the context of considering whether delay in amendment can support denial of leave to amend, explaining that "delay alone is insufficient: 'The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court'")

And where, also as here, a plaintiff seeks to amend their complaint for the first time at an early stage in the litigation, courts are reluctant to hold a dilatory motive bars amendment. *See, e.g.*, *Daluz v. Wells Fargo Bank, N.A.*, No. 3:11-CV-3461-B, 2012 WL 13024704, at *1 (N.D. Tex. May 30, 2012) ("Defendant has failed to establish that a period of less than five months between filing of the Original Petition and filing of the Motion for Leave to Amend Pleadings is sufficiently indicative of undue delay, lack of diligence, or dilatory motive."); *Miller v. City of Yoakum, Tex.*, No. CIV.A. V-09-35, 2009 WL 2855054, at *2 (S.D. Tex. Aug. 31, 2009) (taking into consideration that "[t]his litigation is still in its infancy, and . . . this is Miller's first attempt to amend his complaint").

Second, Defendants are wrong that it would be appropriate to deny the motion for leave to amend for futility at this early stage in the litigation and given the nature of the claims here. For starters, Defendants' only real argument that Ms. Nuncio has failed to state a claim is to incant the standards laid out in *Twombly* and *Iqbal*; they

3

haven't demonstrated that denial is warranted. At any rate, the thrust of Ms. Nuncio's allegations is that the Webb County jailers—named as individual defendants in the proposed amended complaint—ignored the pleas of Albert and his cellmates for medical help for Albert and that as a result of ignoring those pleas and the filthy conditions of the cell, Albert died of an infection. Dkt. No. 15-1, First Am. Compl. ¶¶ 11-20, 27 (July 10, 2020). Ms. Nuncio alleges that the jailers identified by the Texas Rangers report as being involved with Albert and present at the jail leading up to and at the time of Albert's death were deliberately indifferent because they knew Albert was ill and were because they were, at best, indifferent to the squalid conditions in infamous Cell #106, but refused to get Albert medical help. *Id.* ¶¶ 30-33, 47; *Feliz v. El Paso County*, __ F. Supp. 3d __, 2020 WL 1081612, at *8 (W.D. Tex. Feb. 27, 2020) (where jailers "ignored his complaints," jailers were deliberately indifferent). Under the facts as alleged by Ms. Nuncio, it is plausible that each of the jailers present knew about the situation and failed to act—in line with the alleged pervasive practices at the jail. *Cf. id.*, at *9 ("deliberate indifference may be inferred from well-pleaded factual allegations of a widespread practice").

Moreover, Ms. Nuncio has made more specific allegations about three of the individual jailers, alleging that they "falsified classification and observation log entries related to Albert's death," indicating that at least those jailers knew that the level of observation of Albert and his cell was insufficient. *Id.* ¶ 25. They indicate, too, that the written record obtained thus far is unlikely to be reliable; only additional discovery can flesh out the more specific actions taken by each of the defendants. *See Halbert v. City*

4

*of Sherman, Tex.*, 33 F.3d 526, 530 (5th Cir. 1994) (permitting amendment appropriate "where the new claims warrant development of facts to uncover the merits of the claims"); *see also Potter*, 195 Fed. App'x at 209 (permitting amendment appropriate where "counsel for the Estate conscientiously relied on its findings during the course of discovery to refine the complaint").

At this early stage, however, Ms. Nuncio's claims need only be plausible to proceed, and they are. As such, denying Ms. Nuncio's claims on the basis of futility would be inappropriate.

Finally, if the Court permits Ms. Nuncio to amend her complaint as proposed, it should also rule that Defendants' pending motion to dismiss, filed June 8, 2020, is moot.

## **CONCLUSION**

The Court should permit Plaintiff to amend her complaint and hold that Defendants' pending Motion to Dismiss is Moot.

Respectfully submitted,

THE LAW OFFICES OF RONALD RODRIGUEZ,
A PROFESSIONAL CORPORATION

By:   */s/ Ronald Rodriguez*
      Ronald Rodriguez
      State Bar No. 00788306
      Mailing and Physical Address:
      424 E. Del Mar Blvd.
      Laredo, TX 78041
      And
      Courthouse Office:
      915 Victoria Street
      Laredo, TX 78040
      (956) 796-1000 (telephone)
      (956) 796-1002 (telecopier)
      Email: ron@ronaldrodriguez.com
      (Lead Counsel for Plaintiff)

SLAVIK LAW FIRM, LLC

      Donald H. Slavik
      State Bar No. 24034093
      USDC SDTX Fed. ID No. 3284281
      Nicole L. Judge
      USDC SDTX Fed. ID No. 3264344
      2955 Village Drive, Suite 16
      Steamboat Springs, CO 80487
      (970) 457-1011 (telephone)
      (267) 878-7697 (telecopier)
      Email: dslavik@slavik.us
      Email: njudge@slavik.us
      (Co-Counsel for Plaintiff)

PUBLIC JUSTICE, P.C.

> Leah M. Nicholls
> (admitted *pro hac vice*)
> 1620 L Street NW, Suite 630
> Washington, DC 20036
> Adrienne Spiegel
> (admitted *pro hac vice*)
> 475 14th Street, Suite 610
> Oakland, CA 94612
> (202) 797-8600 (telephone)
> (202) 232-7203 (telecopier)
> Email: LNicholls@publicjustice.net
> Email: ASpiegel@publicjustice.net
> (Co-Counsel for Plaintiff)

## CERTIFICATE OF SERVICE

The preceding document was served on counsel of record through the court's electronic document management system on this July 23, 2020.

/s/ Ronald Rodriguez
Ronald Rodriguez